UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

POST FOODS, LLC,

    Plaintiff,

v.

OK GO PARTNERSHIP, DAMIAN J. KULASH, JR., TIMOTHY J. NORDWIND, DANIEL M. KONOPKA, AND ANDREW B. ROSS,

    Defendants

Case No. _____

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Post Foods, LLC ("Post"), for its Complaint for Declaratory Judgment against Defendants OK Go Partnership ("Defendant Partnership") and Damian J. Kulash Jr., Timothy J. Nordwind, Daniel M. Konopka, and Andrew B. Ross (Defendant Partnership and individual defendants collectively referred to herein as "Defendants") states as follows:

### Nature of Action

1. Defendant Partnership—a musical group performing under the name OK Go ("Defendants' Alleged Mark")—accused Post of violating the United States Trademark Act ("Lanham Act") by attempting to register and use the mark OK GO! in connection with on-the-go breakfast cereal products, an example of which is shown to the right.



2. Defendant Partnership alleges that Post's use of OK GO! will cause confusion, lead to false association of Defendant Partnership with Post and its products, and, among other things, suggest to consumers that Defendant Partnership is endorsing

Post's products, or that Post has received Defendant Partnership's permission to use Defendants' Alleged Mark, in each case despite at least: (a) Defendants having no rights to Defendants' Alleged Mark in connection with cereal products or any other food or beverage products, (b) the prominent display of Post's federally registered "house mark" POST® as well as secondary branding that is also federally registered (*e.g.*, HONEY BUNCHES OF OATS®, PEBBLES®, etc.), (c) significant differences between the parties' respective goods and services, (d) significant differences between the parties' respective channels of trade, and (e) differences in the appearance of the parties' respective marks.

3. Post denies Defendant Partnership's allegations. Because of the actual case and controversy created by Defendant Partnership's allegations, and the parties' failure to resolve this matter amicably, Post seeks a declaratory judgment from this Court finding that use of the OK GO! mark in connection with breakfast cereals and cereal-based products does not violate the Lanham Act or any alleged rights in Defendants' Alleged Mark.

## The Parties

4. Plaintiff Post Foods, LLC is a Delaware limited liability company, authorized to do and is doing business in the State of Minnesota, with its principal place of business at 20802 Kensington Blvd., Lakeville, Minnesota 55044.

5. On information and belief, Defendant OK Go Partnership is a California partnership comprised of Damian J. Kulash Jr., Timothy J. Nordwind, Daniel M. Konopka,

and Andrew B. Ross with its principal place of business at 250 West 57th Street, 23rd Floor, New York, New York 10107.[1]

6. On information and belief, Defendant Damian J. Kulash Jr. is a California resident currently residing at 1726 Deloz Ave., Los Angeles, CA 90027-4616.

7. On information and belief, Defendant, Timothy J. Nordwind is a California resident currently residing at 2000 Baxter Street, Los Angeles, CA 90039-3913.

8. On information and belief, Defendant, Daniel M. Konopka is a California resident currently residing at 1120 N. Florence St., Burbank, CA 91505-2333.

9. On information and belief, Defendant, Andrew B. Ross is a California resident currently residing at 1955 Anaheim Ave., Apt. D1, Costa Mesa, CA 92627-5526.

### Jurisdiction and Venue

10. This Court has jurisdiction over the subject matter of this action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Federal Trademark (Lanham) Act, 15 U.S.C. § 1051 *et seq.*, and 28 U.S.C. §§ 1331 and 1338 since this action seeks declaratory judgment for claims involving trademarks and because an actual case or controversy exists between Post and Defendants as a result of Defendant Partnership's threats and allegations.

---

[1] The allegations of infringement and threats of litigation have been previously raised on behalf of Defendant Partnership; however, according to United States Patent and Trademark Office records for Reg. Nos. 3439835 and 3440393, the individual partners of Defendant Partnership may also claim ownership in Defendants' Asserted Mark. Therefore, Post names the individuals as defendants to ensure this action finally and forever resolves the issues between the parties.

11. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants transact business in the State of Minnesota and in this judicial district. Furthermore, Defendants purposefully directed their objections and threats of infringement toward Minnesota and this district, including, without limitation, through Defendant Partnership's September 9, 2022 cease and desist letter sent to Post's General Counsel at 20802 Kensington Blvd., Lakeville, Minnesota 55044.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) because Defendants are subject to personal jurisdiction in this judicial district, a substantial part of the events giving rise to the claims asserted in the Complaint occurred in this judicial district, and a substantial part of the property that is the subject of this action is situated in this judicial district.

**Facts Common to All Counts**

13. Post provides its consumers with high-quality, delicious cereal products (*e.g.*, HONEY BUNCHES OF OATS®, FRUITY PEBBLES®, GRAPE-NUTS®, GREAT GRAINS®, MALT-O-MEAL®, HONEY-COMB®, and others). Defendants do not provide any similar goods and/or services. Defendants are all part of a musical group that primarily provides entertainment services through musical performances.

14. On May 4, 2022, Post filed a trademark application with the United States Patent and Trademark Office ("USPTO") for the mark OK GO! in connection with *breakfast cereals; cereal-based snack foods* (Ser. No. 97394932). The USPTO examined the application, conducted a search, raised no objections, and published the application for opposition on August 30, 2022. By approving the application for publication, the USPTO

concluded following its search and examination that Post's OK GO! mark is entitled to registration on the Principal Register, upon acceptance of a statement of use. The USPTO did not make a finding that Post's proposed use of OK GO! is likely to cause confusion with Defendants' Alleged Mark or any other mark.

15. On September 9, 2022, counsel for Defendant Partnership sent a cease and desist letter to Post's General Counsel. Defendant Partnership claimed ownership of federal trademark registrations for Defendants' Alleged Mark (Registration Nos. 3439835 and 3440393) and alleged that Post's application to register the OK GO! mark and its intended use of that mark in connection with cereal products, will cause confusion, lead to false association of Defendant Partnership with Post and its products, and, among other things, suggest to consumers that Defendant Partnership is endorsing Post's products, or that Post has received Defendant Partnership's permission to use Defendants' Alleged Mark. A true and accurate copy of the September 9, 2022 letter is attached as **Exhibit 1** and incorporated herein by reference.

16. In its September 9, 2020 letter, Defendant Partnership further demanded that Post agree to not use at any time now or in the future the mark OK GO.

17. In a letter dated September 20, 2022, Post responded to Defendant Partnership generally denying the allegations raised in Defendant Partnership's September 9, 2022 letter. Post acknowledged that the parties had previously worked on a project together over a decade earlier but assured Defendant Partnership that the proposed use and registration of OK GO! was not influenced in any way by the earlier collaboration and that Post believed no one involved with the prior collaboration was still with the company. A

true and accurate copy of Post's letter dated September 20, 2022 refuting Defendant Partnership's accusations is attached as **Exhibit 2** and incorporated herein by reference.

18. On September 28, 2022, Defendant Partnership filed a request for an extension with the USPTO Trademark Trial and Appeal Board to oppose Post's application for OK GO!, claiming it needed additional time to investigate its claim and confer with counsel.

19. On October 12, 2022, Defendant Partnership's counsel sent Post a response letter and reiterated that it would not hesitate to take any action that is necessary to protect its alleged mark. A true and accurate copy of the October 12, 2022 letter is attached as **Exhibit 3** and incorporated herein by reference.

20. On December 16, 2022, Defendant Partnership received a final extension of time to oppose Post's trademark application for OK GO!

21. Good faith efforts to resolve this dispute have not been fruitful. In December 2022, Post offered to pay Defendant Partnership for a branding collaboration/co-marketing arrangement in an effort to resolve this matter. Defendant Partnership's counsel rejected Post's offer on January 10, 2023, provided no counter-offer, and indicated a Lanham Act action may be necessary.

22. Therefore, given Defendant Partnership's clear threat of potential litigation, the parties' inability to resolve this matter amicably, and Post's recent release of the OK GO! product into the market this month, an actual case and controversy exists to forever resolve any legal dispute between the parties and establish that Post is free to use the OK GO! mark. Without resolution by this Court, Post will be unfairly forced to continue

investing in its new OK GO! brand while under the constant threat of unfounded future litigation by Defendants.

## COUNT I
### DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201
### (NO VIOLATION OF THE LANHAM ACT OR RELATED LAWS)

23. Post re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully under this Count.

24. Based at least on the facts stated above, Post's use of the mark OK GO! in connection with breakfast cereals and cereal-based products is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Post with Defendants, or as to the origin, sponsorship, or approval of Post's goods, service, or commercial activities by Defendants under the Lanham Act or related laws, including state law and common law. Post's use of the mark OK GO! in connection with breakfast cereals and cereal-based products is also not likely to cause dilution by blurring or tarnishment with Defendants' Alleged Mark.

25. If the Court does not declare that Post's use of the OK GO! mark does not violate the Lanham Act (and related state laws and common law) or any of Defendants' alleged rights in Defendants' Alleged Mark, Post will remain in a position of unreasonable apprehension of unfounded future litigation.

26. As such, Post respectfully requests that this Court enter a declaratory judgment finding that Post's use of the OK GO! mark does not violate the Lanham Act

(and any related state laws or common law) or any of Defendants' alleged rights in Defendants' Alleged Mark.

## PRAYER FOR RELIEF

WHEREFORE, Post respectfully prays for the following relief:

A.  Judgment in favor of Post on Count I;

B.  That this Court enter a declaration finding that (i) Post can lawfully use the OK GO! mark; (ii) Post's use of the OK GO! mark does not violate the Lanham Act or any related state laws; (iii) Post's use of the OK GO! mark does not violate any of Defendants' purported rights in Defendants' Alleged Mark; and (iv) Defendants' Alleged Mark is not famous under the Lanham Act for purposes of dilution by blurring or tarnishment;

C.  That this Court award Post (i) its attorney fees pursuant to 15 U.S.C. § 1117(a); (ii) its expenses and costs; (iii) any further relief pursuant to 28 U.S.C. § 2202; and (iv) all other monetary relief to which Post is entitled; and

D.  That this Court award Post any other and/or further relief to which Post may be entitled under the circumstances.

Respectfully Submitted,

Dated:  January 13, 2023          WINTHROP & WEINSTINE, P.A.

By:  *s/ Aimée D. Dayhoff*
Aimée D. Dayhoff, #0319041
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400
Facsimile:  (612) 604-6800
adayhoff@winthrop.com

- 9 -

THOMPSON COBURN LLP

Thomas A. Polcyn *(Pro Hac Vice to be submitted)*
Matthew A. Braunel *(Pro Hac Vice to be submitted)*
Justin Powers Mulligan *(Pro Hac Vice to be submitted)*
One US Bank Plaza
St. Louis, MO 63101
P: (314) 552-6000
F: (314) 552-7000
tpolcyn@thompsoncoburn.com
mbraunel@thompsoncoburn.com
jmulligan@thompsoncoburn.com

*Attorneys for Plaintiff Post Foods, LLC*

25523734v1

- 9 -